### UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| ANTHONY L. COLLIER, | CASE NO. 02-03612-EE |
| DEBTOR. | CHAPTER 13 |

| | |
|---|---|
| ANTHONY L. COLLIER,<br>CHARLES COLLIER et ux. BRENDA COLLIER | PLAINTIFFS |
| v. | ADV. PROC. NO. 07-00068-EE |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM,<br>DEL NORTE REFI, LLC, SN SERVICING CORPORATION,<br>CHRISTIANA BANK & TRUST COMPANY, AS TRUSTEE<br>OF THE SEQUOIA FUNDING TRUST,<br>SEQUOIA FUNDING TRUST | DEFENDANTS |

Frank H. Coxwell
500 North State Street
Jackson, MS 39201                                                                  Attorney for Plaintiffs

William P. Wessler
1624 24th Avenue
Gulfport, MS 39502                                                                  Attorney for Debtors

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on Defendants' Motion for Summary Judgment (Adv. Dk. No. 15) and Plaintiffs' Response (Adv. Dk. No. 27). Defendants are represented by William P. Wessler. The Plaintiffs are being represented by Frank H. Coxwell, although in the original filing of the chapter 13 case they were represented by Michael M. Louvier.

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of these proceedings pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O). Notice of the motion and response was proper under the circumstances.

### Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, states that summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party," and material if it would "affect the outcome of the lawsuit under the governing substantive law." <u>Phillips Oil Co. v. OKC Corp.</u>, 812 F.2d 265, 272-73 (5th Cir. 1987). Rule 56(e) further provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion and of identifying those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Medlock v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (C.A. Tex. 2000).

## Discussion

The Court finds that the Defendants have failed to establish that no genuine issues of material fact exist. Plaintiffs have shown that genuine issues of material fact exist, including, but not limited to: what interest, if any, each Plaintiff has in the subject property; whether the payment shortfall in the plan was the fault of the Debtor; whether the claims asserted in the Plaintiffs' Complaint occurred pre-petition or post-petition; and whether Defendants committed violations and/or misrepresentations which justify relief. Indeed, after reviewing the pleadings and the exhibits, the Court is unable to ascertain whether the subject property serves as collateral for one or multiple notes and deeds of trust.

## Conclusion

Accordingly, the Court finds that genuine issues of material fact exist, and that the Defendants' Motion for Summary Judgment is not well taken and should be and hereby is denied.

**SO ORDERED,**